

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 7, 2021

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SHAYNE ALLAN STEEN and § | CASE NO. 20-50042-rlj13 |
| TRACIE MELISSA COLE, § | |
|     Debtors. § | |

## MEMORANDUM OPINION

Shayne Steen (Shayne) and Tracie Cole (collectively, debtors) filed a voluntary chapter 13 petition. Their petition included a disclosure of compensation of their attorney, Sam Gregory. Several months later, Shayne's ex-wife filed an adversary proceeding against him claiming that debt owed to her by Shayne was non-dischargeable under 11 U.S.C. § 523(a)(4). The adversary was dismissed on Shayne's motion to dismiss under Rule 12(b)(6). Given dismissal of the adversary, Gregory now applies for compensation for his services rendered in his representation of Shayne in the adversary. Robert Wilson, the standing chapter 13 trustee (Trustee), objects to the application, claiming that the bankruptcy estate—the creditors—should not have to pay Gregory's fees.

The Court has jurisdiction of this contested matter under 28 U.S.C. § 1334(b); this dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (b)(2)(B).

1

I. Background

Gregory seeks compensation for 15.65 hours of time at the rate of $400.00 per hour for a total of $6,260 for his representation of Shayne in the adversary proceeding.[1] Under the debtors' chapter 13 plan, confirmed before the adversary was filed, Gregory is (and will be) paid $3,700 for his services.[2] The Court assumes this amount represents the "no look" fee allowed to chapter 13 debtors' attorneys for their work on chapter 13 cases.[3] By his application here, Gregory seeks allowance of additional compensation for representing Shayne in the adversary action. Gregory's application is a standard fee application; it provides the dates, the nature and type of services rendered, the hours expended, and the total amount of each service provided in the adversary proceeding.

The Trustee objects, not to the amount or reasonableness of the fees but to payment of the fees from his disbursements. The Trustee says that unsecured creditors should not, in effect, have to bear the burden of the work done on Shayne's behalf. He also notes that Shayne did not seek to charge his ex-wife, the plaintiff, for the fees and did not oppose the allegations raised in the adversary. "To some extent, Debtor Steen brought these costs upon himself. As the Court has noted, the Debtor's actions, if true, were reprehensible. Thus, . . . the unsecured creditors should not be taxed with defending those actions." ECF No. 72 at 2. The Trustee argues that the American Rule—which provides that parties involved in civil litigation are generally responsible for paying their own attorney's fees, absent some statutory provision providing for fee-shifting—

---

[1] The application does not ask for reimbursement of any expenses.
[2] The Disclosure of Compensation of Attorney for Debtor discloses that Gregory agreed to accept $3,700 to represent the debtors in the bankruptcy but specifically excludes defending the debtors against any action objecting to the dischargeability of a debt or claim. ECF No. 1 at 9–10.
[3] At the time this case was filed, General Order 2017-01 was the applicable Standing Order Concerning All Chapter 13 Cases, which provides a "Standard Fee" of $3,500 as reasonable compensation and reimbursement of expenses for an attorney representing the debtor. General Order 2017-01 ¶ 21(c). The General Order references several matters that are included in the Standard Fee, but it goes on to say, "[t]he guidelines do not contemplate that the Standard Fee would include . . . representation of the Debtor in an adversary proceeding." *Id.* ¶ 21(f).

prevents Gregory's fees from being paid out of the chapter 13 estate. Trustee contends that the services rendered by Gregory did not benefit the estate and thus the estate should not bear the burden of paying for his services.

Gregory responds to these arguments by noting that the language of § 330(a)(4)(B) allows attorney's fees when services rendered provide a benefit and are necessary *to the debtor*; there is no requirement in a chapter 13 case that counsel's services benefit the estate.[4] Gregory argues that dismissal of the suit benefitted the estate by providing the debtors with additional motivation to complete their chapter 13 plan. Gregory denies the Trustee's assertion that Shayne admitted the allegations of the adversary complaint; he never had to file a formal answer in response to the allegations of the complaint. The Court assumed the facts alleged in the complaint were true, as is required when ruling on a motion to dismiss. And the Court's opinion dismissing the adversary did not make any findings of fact regarding the allegations. Unproven allegations have no bearing on whether or not the Court should allow or disallow the requested fees, Shayne contends.

II. Discussion

A.

Section 330 of the Bankruptcy Code provides for the compensation of officers. This includes professional persons, such as the debtors' attorney. A professional requesting approval of fees and expenses "bears the burden of proof in a fee application case." *Continental Ill. Nat'l Bank & Trust v. Charles N. Wooten, Ltd. (In re Evangeline Refin. Co.)*, 890 F.2d 1312, 1326 (5th Cir. 1989); *see also In re King*, 546 B.R. 682, 711 (Bankr. S.D. Tex. 2016) ("[F]or any fees requested under § 330(a), '[t]he applicant bears the burden of proof in a fee application case.'").

---

[4] Section (§) references are to 11 U.S.C. unless otherwise stated.

"This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by [the] debtor." *In re Pettibone Corp.*, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987) (citation omitted).

Section 330(a)(3) sets forth a non-exclusive list of factors to consider when determining the amount of reasonable compensation to be awarded. These factors include the time spent on such services; rates charged for such services; whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case; whether the services were performed within a reasonable amount of time; whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases outside of bankruptcy. § 330(a)(3)(A)–(F); *see also Sikes v. Crager (In re Crager)*, 691 F.3d 671, 676 (5th Cir. 2012). Section 330(a)(4)(A) provides that the court shall not allow compensation for unnecessary duplication of services or services that were not reasonably likely to benefit the bankruptcy estate or that were not necessary to the administration of the case. In 1994, however, Congress amended this section of the Bankruptcy Code "to provide that even if services were not reasonably likely to benefit the debtor's estate, or were not necessary to the administration of the case, the Court may still award such fees in a Chapter 13 case if such services were shown to be beneficial or necessary to an individual debtor in such case." *In re Williams*, 378 B.R. 811, 823 (Bankr. E.D. Mich. 2007). Section 330(a)(4)(B) provides, in pertinent part, that in a chapter 13 case, "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." § 330(a)(4)(B).

Section 330(a)(4)(B) essentially creates an exception to the general rule that fees are compensable from the estate only if the services benefit the estate. *See In re Williams*, 378 B.R. at 823; *In re Beutel*, No. 19-12690, 2021 WL 1093969, at *2 (Bankr. W.D. Wis. Mar. 17, 2021); *In re Sepulvida*, No. 20-10063, 2021 WL 1961914, at *4 (Bankr. D.N.M. May 14, 2021). The Code creates an exception in § 330(a)(4)(B) for debtor-individuals under chapters 12 and 13 because a debtor's earning ability is typically the primary asset of the estate—the debtor's income funds the plan. *See* 3 *Collier on Bankruptcy* ¶ 330.03[1][b][v] (16th ed.). "[S]ervices that benefit the debtor in connection with the case are services that facilitate the successful completion of the debtor's plan. For example, . . . the debtor's litigation of the dischargeability of a particular debt, or defense against a motion for relief from the stay may determine whether the debtor will continue with the chapter 13 case." *Id.*[5] "Therefore a Chapter 13 debtor's counsel is entitled to an administrative expense for compensation for work that is beneficial and necessary to the debtor without proof of benefit or necessity to the Chapter 13 estate or the creditors." *In re Argento*, 282 B.R. 108, 116 (Bankr. D. Mass. 2002) (quotation marks and citation omitted).

"Of course, even those services that benefit only the individual debtor, and not the debtor's estate, are only compensable under § 330(a)(4)(B) to the extent that they are 'reasonable' after consideration of the benefit and necessity of those services to the debtor in light of the other factors set forth in § 330(a)(3)." *In re Williams*, 378 B.R. at 823; *In re Gorski*, 519 B.R. 67, 74 (Bankr. S.D.N.Y. 2014) ("An application under § 330(a)(4)(B) requires the court to evaluate the benefit and necessity of the services to the debtor. Upon the filing of the application, the court may review the fees for reasonableness, and there will be 'no risk to the

---

[5] There are a number of cases that have followed this approach from *Collier* in chapter 13 cases. *In re Beutel*, 2021 WL 1093969, at *3–4; *In re Carr*, 584 B.R. 268, 276–77 (Bankr. N.D. Ill. 2018); *In re Gorski*, 519 B.R. 67, 74 (Bankr. S.D.N.Y. 2014); *In re Davis*, No. 07-51337, 2009 WL 4856199, at *3–4 (Bankr. S.D. Miss. Dec. 9, 2009); *In re Powell*, 314 B.R. 567, 571 (Bankr. N.D. Tex. 2004); *In re Phillips*, 291 B.R. 72, 82 (Bankr. S.D. Tex. 2003).

estate that the fee will be excessive.'") (citing *In re Cahill*, 478 B.R. 173, 177 (Bankr. S.D.N.Y. 2012)); *In re Davis*, No. 07-51337, 2009 WL 4856199, at *2 (Bankr. S.D. Miss. Dec. 9, 2009) ("Compensation is based upon a consideration of the benefit and necessity of such services to the debtor.") (quotation marks and citation omitted). "The statute requires the court to consider (among other things) whether there was a benefit to the debtor and whether the attorney's services were necessary or beneficial toward the completion of the case." *In re Phillips*, 291 B.R. 72, 82 (Bankr. S.D. Tex. 2003). The Bankruptcy Code, though, is "generous in the criteria for allowing fees to attorneys for Chapter 13 debtors [] for representation of the debtor." *In re Amos*, No. 98-32761, 2000 WL 33672947, at *3 (Bankr. D. Utah Feb. 16, 2000).

The Court has discretion to allow or disallow compensation under § 330(a)(4)(B) and "discretion to determine what constitutes 'reasonable compensation'" in light of the benefit and necessity of the services provided. *Matter of Riley*, 923 F.3d 433, 442 (5th Cir. 2019); *see also In re Balderas*, 328 B.R. 707, 725 (Bankr. W.D. Tex. 2005). If a debtor's attorney fees are allowed by the court, they are entitled to administrative expense status. § 503(b)(2); *In re Powell*, 314 B.R. 567, 570 (Bankr. N.D. Tex. 2004) ("Accordingly, if the court allows compensation under [§ 330(a)(4)(B)], the compensation shall be allowed as an administrative expense."). As an administrative expense, those fees become entitled to payment out of the estate second in the priority scheme. § 507(a)(2). In chapter 13, that means that the plan must provide for the fees' payment in full over time, unless the attorney agrees otherwise. § 1322(a)(2).

The Court must first determine if the services benefitted the debtor or the estate. The Court should also consider the necessity of the services. If the Court determines the services

were beneficial and necessary, the Court then assesses the reasonableness of the requested compensation.

B.

There is no dispute that Gregory performed the services that form the basis for his fee application, nor whether the time expended was reasonable for the services performed. The issue is whether Gregory's services in connection with defending Shayne in a § 523 non-dischargeability action were beneficial and necessary to either the debtors' estate or the debtors in connection with the bankruptcy.

1. Benefit and Necessity

Gregory states that his services provided a benefit to the estate because the litigation "resulted in a finding that any unpaid portion of plaintiff's claim is subject to discharge . . . , it creates additional motivation for Debtors to complete the plan in order to obtain a discharge," and "[c]ompletion of the plan will benefit all creditors in this case." ECF No. 63 at 4. The Trustee disagrees. Gregory's services benefitted Shayne; any benefit to the bankruptcy estate is indirect at most.

Even if the services do not benefit the estate, "Congress plainly intended that counsel for a chapter 13 debtor could be compensated from the bankruptcy estate for services that provided a benefit to the debtor even though those services conferred no direct benefit upon the bankruptcy estate." *Matter of Riley*, 923 F.3d 433, 443 (5th Cir. 2019) (quoting *In re Walsh*, 538 B.R. 466, 475 (Bankr. N.D. Ill. 2015)). "[T]he kind of services that benefit the debtor includes . . . representing the debtor in claims litigation." *Charmoy v. McNeilly (In re McNeilly)*, No. 15-30064, 2017 WL 3737536, at *7 (Bankr. D. Conn. Aug. 28, 2017). In this case, Gregory's

7

services benefitted the debtors by defending Shayne in a dispute over the dischargeability of a debt to his ex-wife.

As Norton Bankruptcy Law and Practice explains, § 330(a)(4)(B) permits debtors' counsel to be compensated for services that benefit the debtor personally rather than the estate. "For example, such services may include disputes over exemptions or the dischargeability of debts owed by the debtor." 2 William L. Norton, Jr., & William L. Norton III, *Norton Bankruptcy Law & Practice 3d*, § 31:5 at 31 – 16 (Thomas Reuters 2013); *see also In re Swenson*, No. 09-41687, 2013 WL 3776318, at *5 (Bankr. D. Kan. July 16, 2013) (quoting *Norton*). At least two bankruptcy courts have explicitly held that a debtor's attorney's defense against a non-dischargeability action in a chapter 13 case was beneficial to the debtors and allowed the fees connected to that proceeding under § 330(a)(4)(B). *In re Beutel*, No. 19-12690, 2021 WL 1093969, at *4 (Bankr. W.D. Wis. Mar. 17, 2021); *In re Russell*, No. 06-13589, 2009 WL 2849085, at *4 (E.D. Mich. Aug. 31, 2009). *See also Muscarello v. Blackburn (In re Blackburn)*, 415 B.R. 668, 688–89 (Bankr. N.D. Ill. 2009) (holding that defending debtors against non-dischargeability action under § 523(a)(6) benefitted the debtors and the estate), vacated in part Sept. 8, 2009.

The next inquiry, necessity, is closely related to the question of benefit. As one court stated, "Necessity is a question of 'whether the services were necessary to the administration of, or beneficial toward the completion of a case.'" *In re Abernathy*, No. 20-11600, 2021 WL 1081078, at *3 (Bankr. D.N.M. Mar. 19, 2021) (quoting *In re Schupbach Inv., LLC*, 521 B.R. 449, at *8 (B.A.P. 10th Cir. 2012) (unpublished)). "Section 330(a)(4)(B) 'directs a court to focus on the welfare of the debtor, not the estate, in determining reasonable compensation.'" *In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D.N.Y. 2012) (quoting *In re Butts*, No. 10-40538, 2010

8

WL 3369138, at *1 (Bankr. D. Mass. Aug. 25, 2010)).[6] A dischargeability complaint is a core bankruptcy matter. It challenges the most basic benefit sought by individuals in bankruptcy. It must be resolved. Gregory's services were necessary to the completion of the bankruptcy case.

2. Reasonableness

In the Fifth Circuit, courts consider the twelve factors enumerated in the *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), case to determine the reasonableness of services. *CRG Partners Grp., L.L.C. v. Neary (In re Pilgrim's Pride Corp.)*, 690 F.3d 650, 656 (5th Cir. 2012) (the *Johnson* factors determine whether requested fees are reasonable or not). The twelve factors are:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

*Baddock v. Am. Benefit Life Ins. Co. (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) (quoting *Johnson*, 488 F.2d at 717–19).

The services rendered here were reasonable. Gregory worked less than sixteen hours on a novel issue that involved an obscure Texas divorce remedy; this required significant skill. The fee is customary and fixed. Gregory is an experienced consumer bankruptcy attorney and has an excellent reputation in handling chapter 13 cases. Gregory was retained in February of 2020 for the purpose of filing this chapter 13 case. He says that he does not consider this to be an undesirable case, that he did not decline representation of other clients because of this matter,

---

[6] Many courts do not explicitly address the necessity of a service but focus on the benefit to satisfy § 330(a)(4)(B)'s requirement.

and that he believes the amount he seeks is comparable to that allowed in other cases of similar time and complexity. The Court finds that the requested fees are reasonable.

        3.   Administrative Expense and the American Rule

Under the American Rule, each party generally pays its own litigation expenses, including "his own attorney's fees, win or lose." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015). The American Rule applies in bankruptcy proceedings. *Hard-Mire Rest. Holdings, LLC v. JH Zidell PC (In re Hard-Mire Rest. Holdings, LLC)*, 619 B.R. 165, 174 (N.D. Tex. 2020). The American Rule does not apply when there is an explicit statutory provision providing for attorney fees. *ASARCO LLC*, 576 U.S. at 126.

"Section 503 of the Bankruptcy Code creates an exception to the American Rule in bankruptcy cases by shifting certain expenses of litigation to the general creditors. This is done by permitting such expenses (including attorney fees) to be paid—as an 'administrative expense' from the assets of the bankruptcy estate—ahead of the general creditors." *Family Snacks, Inc. v. Andrews & Kurth, L.L.P. (In re Pro-Snax Distribs., Inc.)*, 212 B.R. 834, 836–37 (N.D. Tex. 1997). This provision of the Code includes "compensation and reimbursement awarded under section 330(a) of this title." § 503(b)(2). Section 330(a)(4)(B), as incorporated through § 503(b)(2), is an explicit statutory provision that provides for attorney fees to be paid by the bankruptcy estate. *See In re Teraforce Tech. Corp.*, 347 B.R. 838, 866–87 (Bankr. N.D. Tex. 2006); *see also ASARCO LLC*, 576 U.S. at 128–29 (stating that § 330(a)(1) is a statute that departs from the American Rule by authorizing fee shifting for "reasonable compensation for actual, necessary services rendered").

The Trustee argues that the American Rule prevents recovery from the estate because the services, in his opinion, did not benefit the estate and therefore are not recoverable under an

10

explicit statutory exception. He cites to several cases to support his argument about the American Rule that are inapplicable to this case. The first set of cases the Trustee cites to are: *In re Yonkers*, 219 B.R. 227, 234 (Bankr. N.D. Ill. 1997); *Banner Bank v. Wyatt (In re Wyatt)*, 609 B.R. 530 (Bankr. D. Idaho 2019); *The Barbknecht Firm, P.C. v. Keese (In re Keese)*, 2021 WL 811572, at *42 (Bankr. E.D. Tex. Feb. 28, 2021); and *V.M. v. S.S. (In re S.S.)*, 271 B.R. 240 (Bankr. D.N.J. 2002). These four cases involve chapter 7 cases, which are excluded from the § 330(a)(4)(B) exception, and the issue in each of those cases is whether a party to an adversary proceeding may be able to recover attorney fees and expenses from the opposing party in the adversary. Gregory agrees with the cases cited by the Trustee for the proposition that the American Rule generally prevents a debtor from recovering attorney's fees from an opposing party in the adversary action. But, in this case, Gregory is not attempting to recover attorney fees from Shayne's ex-wife; he seeks approval for payment from the bankruptcy estate.[7]

The Trustee then cites to two chapter 13 cases that concern different issues inapplicable to the case at hand. *Jensen v. Gantz (In re Gantz)*, 209 B.R. 999 (B.A.P. 10th Cir. 1997), involves whether attorney fees that are disallowed by the bankruptcy court are collectable and not whether those attorney fees should be allowed. *In re Frazin*, 413 B.R. 378 (Bankr. N.D. Tex. 2009), *amended by* 2017 WL 7050632 (Bankr. N.D. Tex. Dec. 22, 2017), involves whether attorneys may recover fees for defending their fee applications where the attorneys were sued by the debtor in an adversary proceeding.

The Trustee also cites to *In re Powell*, 314 B.R. 567 (Bankr. N.D. Tex. 2004), and attempts to distinguish that case from this one. *Powell* involved a fee application from the

---

[7] It is puzzling why the Trustee faults the debtors for not "aggressively" seeking attorney fees from Shayne's ex-wife in connection with the adversary proceeding and also argues that the American Rule prevents Gregory from recovering fees from the estate.

debtor's divorce attorney for services rendered post-petition for representing the debtor in her divorce proceeding. The ex-husband filed an objection to this fee application, stating that the services did not benefit the bankruptcy estate and the services were not "in connection with the bankruptcy case." The court rejected this argument because § 330(a)(4)(B) allows for compensation of services that benefit the debtor and divorce proceedings were "in connection with the bankruptcy case." The Trustee states that this case is distinguishable because the court mentions the ways that the debtor's divorce attorney impacted the plan (division of property, for example) and argues that there is no benefit or impact on this case from the non-dischargeability action. The *Powell* court discusses the ways in which the divorce proceedings impacted the plan to demonstrate how the services were "in connection with the bankruptcy case." *Id*. at 570–71. A non-dischargeability action brought under the Bankruptcy Code and in the Bankruptcy Court is certainly "in connection with the bankruptcy case."

The Trustee's reliance on the American Rule is misguided. There is an explicit statutory provision that creates an exception to the American Rule. The American Rule does not bar a fee application for attorney's fees for services rendered on behalf of the debtor. The Court must follow the statutory standard to determine whether or not to allow the requested fees.

### III. Conclusion

The Court allows Gregory's fees for his services that were beneficial and necessary to the chapter 13 debtors and for the bankruptcy case generally. The fees are entitled to administrative expense status under § 503(b)(2). As an administrative claim, these fees are entitled to priority treatment under § 507(a)(2), and the chapter 13 plan must provide for payment of counsel's fees under § 1322(a)(2).

### End of Memorandum Opinion ###